# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 19-Civ-21793-WILLIAMS/TORRES

KAREN SMITH,

        Plaintiff,

v.

ROYAL CARIBBEAN,

        Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE

This matter is before the Court on Karen Smith's ("Plaintiff") motion to strike Royal Caribbean's ("Defendant") thirteenth affirmative defense. [D.E. 10]. Defendant responded to Plaintiff's motion on June 27, 2019 [D.E. 13] to which Plaintiff replied on July 3, 2019. [D.E. 15]. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion is **GRANTED**.

### I. BACKGROUND

This case involves a passenger on a ship who was injured when she slipped and fell on a slippery surface or object. Plaintiff alleges that she was traversing the ship when she lost her footing, fell, and suffered traumatic injuries that included fractured teeth and injuries to her knees. Plaintiff claims that the surface and/or object where she slipped was unreasonably dangerous, risk-creating, defective, outdated, improperly designed and installed, or otherwise unsafe. Plaintiff also

alleges that the area lacked adequate safety features and that the adjacent areas were inadequate to notify her of any hazards. Therefore, Plaintiff filed her complaint on May 3, 2019 [D.E. 1] for one count of negligence and seeks compensation for the damages she suffered, the costs incurred (including court costs), and any applicable interest.

## II. APPLICABLE PRINCIPLES AND LAW

A party may move to strike pursuant to Rule 12(f) of the Federal Rules "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting *Fla. East Coast Railway Co. v. Peters,* 72 Fla. 311, 73 So. 151 (Fla. 1916)). Thus, affirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements applicable to complaints. *See Home Management Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 27, 2007). Affirmative defenses must also follow the general pleading standard of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the asserted defense. *See Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). A defendant must admit the essential facts of the complaint and bring forth other facts in justification or avoidance to establish an affirmative defense. *See id.*

"The striking of an affirmative defense is a 'drastic remedy' generally disfavored by courts." *Katz v. Chevaldina*, 2013 WL 2147156, at *2 (S.D. Fla. May 15, 2013) (citations omitted); *see also Blount v. Blue Cross & Blue Shield of Florida, Inc.*, 2011 WL 672450, at *1 (M.D. Fla. Feb. 17, 2011) ("Striking a defense . . . is disfavored by the courts."); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) ("Motions to strike are generally disfavored and are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties") (internal quotations omitted) (quoting another source).

But, a "defendant must allege some additional facts supporting the affirmative defense." *Cano v. South Florida Donuts, Inc.*, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations. *See Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002)). "An affirmative defense may also be stricken as insufficient if: '(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Katz*, 2013 WL 2147156, at *1 (citing *Blount v. Blue Cross and Blue Shield of Fla., Inc.,* 2011 WL 672450 (M.D. Fla. Feb.17, 2011)).

"Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec.*

3

*Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). An affirmative defense should only be stricken with prejudice when it is insufficient as a matter of law. *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Otherwise, district courts may strike the technically deficient affirmative defense without prejudice and grant the defendant leave to amend the defense. *Microsoft Corp.*, 211 F.R.D. at 684.

### *III.    ANALYSIS*

Plaintiff's motion seeks to strike Defendant's thirteenth affirmative defense because it limits Plaintiff's recovery at the exclusion of a collateral source:

> RCCL alleges that any recovery obtained by Plaintiff herein, which is denied, should be reduced, off set, or set off for any and all collateral source benefits received by or payable to Plaintiff.

[D.E. 6 at 6]. Plaintiff argues that this defense is improper under general maritime law because an alleged tortfeasor may not mitigate damages through setoffs that a plaintiff receives from an independent source. Defendant claims, on the other hand, that the affirmative defense must stand because Plaintiff cannot introduce medical bills into the record that Plaintiff never paid. Defendant equates Plaintiff's motion as an attempt to introduce "phantom damages" and that it runs counter to well-established Eleventh Circuit precedent. For these reasons, Defendant concludes that Plaintiff's motion to strike must be denied.

"The collateral source rule is a traditional maritime common law principle that bars a tortfeasor 'from mitigating damages by setting off compensation received by the employee from an independent source.'" *Holderbaum v. Carnival Corp.*, 2015 WL 12085846, *2 (S.D. Fla. Mar. 4, 2015) (quoting *Bourque v. Diamond M. Drilling Co.*, 623 F.2d 351, 354 (5th Cir. 1980)). The collateral source rule "bars both evidence directly bearing on damages and evidence which might be considered by the jury in assessing damages." *Id*. In other words, the rule "prohibits the introduction of evidence offered to show that the [plaintiff] already has been compensated for his [or her] injuries." *Bourque*, 623 F.2d at 354.

Here, Defendant seeks to circumvent the collateral source rule with an affirmative defense that limits Plaintiff to the introduction of medical bills that were accepted as payment as opposed to the total amount billed. This means that Defendant seeks to reduce its liability by amounts paid to Plaintiff from collateral sources. Defendant's attempt to reduce the amount of damages paid or payable to Plaintiff is improper, however, because it "runs squarely against the collateral source rule." *Hillenburg v. Carnival Corp.*, 2016 WL 5922756, at *1 (S.D. Fla. Sept. 21, 2016) (citing *Borque*, 623 F.2d at 354)). Indeed, it is well established that "[m]aritime law holds that the collateral source rule applies to payments for medical bills." *Lebron v. Royal Caribbean Cruises, Ltd.*, 2018 WL 5098972, at *5 (S.D. Fla. Aug. 14, 2018), *Report and Recommendation adopted sub nom. Lebron v. Royal Carribean Cruises Ltd.*, 2018 WL 5098870 (S.D. Fla. Aug. 28, 2018) (citing *Holderbaum v. Carnival Corp.*, 2015 WL 12085846, at *2 (S.D. Fla. Mar. 4, 2015)

5

("[T]he collateral source rule applies and Defendant is therefore prohibited from introducing evidence or argument of past or future collateral source payments of Plaintiff's medical bills"); *Brown v. NCL (Bahamas) Ltd.*, 2016 WL 8730145, at *5 (S.D. Fla. Oct. 13, 2016) ("Defendant is prohibited from introducing evidence or argument of past or future collateral source payments of Plaintiff's medical bills"); *Jones v. Carnival Corp.*, 2006 WL 8209625, at *2 (S.D. Fla. Jan. 24, 2006) (excluding evidence that plaintiff's insurer received a contractual discount from plaintiff's medical provider under the collateral source rule); *Bonnell v. Carnival Corp.*, 2015 WL 12712609, at *3 (S.D. Fla. Jan. 20, 2015) (same)).

Because the collateral source rule applies to evidence "directly bearing on damages and evidence which might be considered by the jury in assessing damages," Plaintiff's motion to strike is **GRANTED**. *Acevedo v. NCL (Bahamas) Ltd.*, 2017 WL 7792711, *4 (quoting *Holderbaum v. Carnival Corp.*, 2015 WL 12085846, *2 (S.D. Fla. Mar. 4, 2015)). Defendant may not introduce evidence of benefits or payments made to Plaintiff from a collateral source. This, of course, does not absolve Plaintiff of her burden of demonstrating the reasonableness and necessity of her medical expenses nor does it preclude Defendant from making those challenges.

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to strike [D.E. 10] is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of July, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge